File #21-23860 –July 28, 2022 –JPW/mlc
Attorneys for Defendant Allstate Vehicle and
Property Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

**Mark Messer,** *et al.*

      Plaintiffs,

vs.

**Allstate Vehicle and Property Insurance Company,**

      Defendant.

CASE NO. __1:22-cv-00438__

JUDGE: _____

---

## ANSWER OF DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY TO PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY JUDGMENT AND BAD FAITH

Now comes Defendant Allstate Vehicle and Property Insurance Company ("Allstate"), by and through counsel, and for its Answer to Plaintiffs' Complaint, states the following:

1. Allstate denies the allegations contained in Paragraph 1 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

2. Allstate admits it is an Illinois company licensed to sell insurance in the State of Ohio. Allstate denies any remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

3. Allstate admits it issued Policy No. 826 041 380 ("the Policy"). Allstate admits the Policy Declarations identify 25 West Orchard Avenue, Lebanon, Ohio as the "location of property insured[.]" Allstate admits the Policy Declarations identify the policy period as "[b]eginning April 30, 2021 through April 30, 2022[.]" Allstate admits Plaintiffs submitted a claim for loss or damage resulting from a fire on August 14, 2021. Allstate denies any

remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

4.  Allstate denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

## STATEMENT OF FACTS

5.  Allstate reavers Paragraphs 1 through 4 of its Answer in answer to Paragraph 5 of Plaintiffs' Complaint.

6.  Allstate admits the subject fire occurred on August 14, 2021. Allstate denies the remaining allegations contained in Paragraph 6 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

7.  Allstate admits the Policy was in force on August 14, 2021. Allstate admits the document attached as Exhibit A to Plaintiffs' Complaint is a true and accurate copy of the Policy. Allstate denies any remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

8.  Allstate admits the Policy provided the coverages described therein subject to its terms, conditions, limits, exclusions, and exceptions. Allstate denies the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

9.  Allstate denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

10. Allstate denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

11. Allstate admits Plaintiffs notified Allstate of the fire. Allstate admits Plaintiffs submitted a Sworn Statement in Proof of Loss. Allstate admits Plaintiffs submitted a contents inventory. Allstate denies the remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

12. Allstate admits it requested Plaintiffs produce documentation and information material to Allstate's investigation of their claim. Allstate denies that Plaintiffs allowed Allstate direct access to either of their Facebook accounts. Allstate denies the remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

13. Allstate admits Plaintiffs provided responses to some, but not all, of Allstate's requests for documentation and information material to its investigation of Plaintiffs' claim. Allstate denies Plaintiffs complied with their duties under the Policy. Allstate denies it "misrepresented the terms of the Policy" in any way. Allstate denies the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

14. Allstate admits the Policy contains a provision which required Plaintiffs to appear and provide sworn testimony at separate Examinations Under Oath ("EUO") as a condition precedent to coverage. Allstate admits it requested Plaintiffs satisfy the mandatory EUO condition precedent. Allstate denies the remaining allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Allstate admits Plaintiffs appeared and provided sworn testimony at separate EUOs. Allstate denies Plaintiffs answered all of Allstate's questions at the EUOs. Allstate denies

the remaining allegations contained in Paragraph 15 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

16. Allstate denies Plaintiffs produced all documentation and information Allstate requested and which it needed to complete a full and fair investigation of Plaintiffs' Claim. Allstate admits the Policy did not provide coverage for Plaintiffs' Claim. Allstate denies "it is still in the process of investigating the claim[.]" Allstate denies the remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

17. Allstate denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint. Allstate sent a coverage position letter dated June 29, 2022 by certified mail on June 30, 2022. *See* letter attached as Exhibit A. Allstate denies any remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18. Allstate denies it delayed the investigation of Plaintiffs' Claim. Allstate denies the remaining allegations contained in Paragraph 18 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

## COUNT ONE: BREACH OF CONTRACT

19. Allstate reavers Paragraphs 1 through 18 of its Answer in answer to Paragraph 19 of Plaintiffs' Complaint.

20. Allstate admits it issued the Policy. Allstate admits the Policy generally provided the coverages described therein, subject to its terms, conditions, limits, exclusions, and exceptions. Allstate denies any remaining allegations in Paragraph 20 for want of information sufficient to form a belief as to their truth.

21. Allstate denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22. Allstate denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Allstate denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Allstate denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

## COUNT TWO: DELCARATORY JUDGMENT

25. Allstate reavers Paragraphs 1 through 24 of its Answer in answer to Paragraph 25 of Plaintiffs' Complaint.

26. Allstate admits Plaintiffs applied for insurance from Allstate through the Victor Gray Agency.  Allstate admits it issued the Policy.  Allstate admits the Policy generally provides the coverages described therein, subject to its terms, conditions, limits, exclusions, and exceptions.  Allstate denies any remaining allegations in Paragraph 26 for want of information sufficient to form a belief as to their truth.

27. Allstate admits fire damaged Plaintiffs' home on August 14, 2021.  Allstate admits the August 14, 2021 fire at Plaintiffs' home also damaged their personal property.  Allstate denies the remaining allegations contained in Paragraph 27 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

28. Allstate denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.  Allstate admits it issued its coverage position letter by certified mail on June 30, 2022.  *See* letter attached as Exhibit A.  Allstate denies any remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

29. Allstate denies the Policy provides coverage for Plaintiffs' Claim.  Allstate admits the Policy speaks for itself.  Allstate denies Paragraph 29 of Plaintiffs' Complaint includes all provisions which impact the coverage analysis for Plaintiffs' Claim.  Allstate denies any

remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

30. Allstate denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31. Allstate denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

## <u>COUNT THREE: BAD FAITH</u>

32. Allstate reavers Paragraphs 1 through 31 of its Answer in answer to Paragraph 32 of Plaintiffs' Complaint.

33. Allstate denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Allstate denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. Allstate admits the Policy included provisions which explain an insured's obligations after a loss. Allstate denies the Policy included a section titled "Conditions for Coverage." Allstate admits the Policy speaks for itself. Allstate denies any remaining allegations contained in Paragraph 35 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

36. Allstate admits it sent the September 28, 2021 letter (attached as Exhibit B to Plaintiffs' Complaint) to the Plaintiffs. Allstate denies any remaining allegations contained in Paragraph 36 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

37. Allstate denies it misrepresented any of the Policy's terms, condition, duties, or obligations. Allstate denies the Policy did not obligate Plaintiffs to produce documentation and information supporting the claim. Allstate denies Plaintiffs produced records which included content of text messages. Allstate admits Plaintiffs produced responses to some, but not all, of Allstate's requests. Allstate denies Plaintiffs provided name and contact

information for all individuals who performed repairs at the property.  Allstate denies any remaining allegations contained in Paragraph 37 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

38. Allstate denies it misrepresented any of the Policy's terms, condition, duties, or obligations. Allstate denies it "demanded" anything not required under the Policy.  Allstate admits it requested that Plaintiffs produce documentation evidencing any and all repairs, remodeling, and/or improvements made to the property since Plaintiffs acquired it.  Allstate admits it requested Plaintiffs produce documentation identifying the company which made, installed and/or provides ongoing monitoring for any security system at the property. Allstate admits in requested Plaintiffs produce correspondence to/from any person in any department of The City of Lebanon, either before or after the date of loss, relating to any repairs, modifications, or improvements at the property, whether recommended, planned, or actually performed. Allstate admits it requested Plaintiffs produce correspondence to/from any person at the Victor Gray Insurance Agency in any way relating to Plaintiffs' application for, purchase of, questions about, or presentation of any claim under the Policy. Allstate denies any remaining allegations for want of information sufficient to form a belief as to their truth.

39. Allstate admits on May 12, 2022, it requested (through counsel) Plaintiffs produce documentation supporting their Claim, including documentation Allstate had previously requested but Plaintiffs had not produced, as well as additional documents based on the Plaintiffs' Examination Under Oath testimony.  Allstate admits the specific requests are documented in the May 12, 2022 letter which speaks for itself.  Allstate denies it

"demanded" anything not required under the Policy.   Allstate denies any remaining allegations in Paragraph 39 of Plaintiffs' Complaint.

40. Allstate denies it "fabricated" a duty to cooperate under the Policy.   Allstate denies Plaintiffs fulfilled their obligations under the Policy.   Allstate denies the remaining allegations of Paragraph 40 of Plaintiffs' Complaint.

41.  Allstate admits an insurer's duty of good faith towards its insured is implied by Ohio law. Allstate denies it breached any duty, express or implied, it owed to Plaintiffs.   Allstate denies it falsely stated the Policy's requirements.   Allstate denies it "demand[ed] an excess of documents from the [Plaintiffs] that are not required by the terms of the Policy.   Allstate denies the remaining allegations of Paragraph 41 of Plaintiffs' Complaint.

42. Allstate admits the Policy contains a provision, in paragraph 12 under "Section I Conditions," which provides that "[n]o one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I Conditions** applies, unless:  a) there has been full compliance with all policy terms; and b) the action is commenced within one year after the inception of loss or damage." Allstate denies the remaining allegations of Paragraph 42 of Plaintiffs' Complaint.

43. Allstate denies any "foot dragging" relevant to Plaintiffs' Claim.   Allstate denies it caused any delay in the "claim handling" relevant to Plaintiffs' Claim. Allstate denies the remaining allegations in Paragraph 43 of Plaintiffs' Complaint for want of information sufficient to form a belief as to their truth.

44. Allstate denies for want of information the allegations in Paragraph 44 of Plaintiffs' Complaint.

45. Allstate denies the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. Allstate denies the allegations in Paragraph 46 of Plaintiffs' Complaint.

47. Allstate denies the allegations in Paragraph 47 of Plaintiffs' Complaint.

48. Allstate denies the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. Allstate denies the allegations in Paragraph 49 of Plaintiff'' Complaint.

## AFFIRMATIVE DEFENSES

1. One or more of the claims set forth in Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs failed to join necessary and indispensable parties and/or entities needed for just adjudication of one or more of Plaintiffs' claims.

3. Allstate has not failed to perform under any contract and has not breached any agreement related to the allegations in Plaintiffs' Complaint.

4. Plaintiffs failed and/or breached their own contractual and legal duties in the event of loss or damage as a prerequisite to any coverage owed.

5. Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

6. Plaintiffs breached the terms of the Policy contract and are thus precluded from bringing this action to enforce the contract against Allstate.

7. Plaintiffs failed to satisfy mandatory conditions precedent to coverage under the Policy.

8. Allstate acted in good faith at all times relevant to Plaintiffs' Claim.

9. Ohio Administrative Code § 3901 does not create a private cause of action.

10. Alleged violations of the Ohio Administrative Code cannot be considered as evidence of bad faith. *Brummitt v. Seeholzer*, 2019-Ohio-1555, 2019 Ohio App. LEXIS 1664, ¶ 31.

11. Plaintiffs failed to mitigate their damages.

12. Plaintiffs' recovery of damages is capped and/or barred, in whole or part, by R.C. §
2315.18, *et seq.*, and/or other applicable Ohio law.

13. Persons and/or entities other than Allstate caused and/or contributed to the damages
Plaintiffs alleged to have incurred.

14. Plaintiffs committed a wrongdoing and, through this civil action, are attempting to benefit
from their wrongdoing.

15. Allstate advanced payments for Plaintiffs' temporary housing which payments operate as
an offset against the amounts claimed by the Plaintiffs.

16. Plaintiffs' Claim resulted from Plaintiffs' intentional and fraudulent acts and, as a result,
the Policy contract is invalid.

17. Plaintiffs failed to plead fraud with the requisite particularity.

18. Plaintiffs violated the implied covenant, read into every contract, that neither party shall
commit any act which destroys or injures the rights of the other party to enjoy the fruits of
the contract.


**WHEREFORE,** Defendant Allstate Vehicle and Property Insurance Company prays for
dismissal with prejudice of Plaintiffs' claims against Allstate, at costs to Plaintiff; and for any other
relief to which Allstate may be entitled.

Respectfully submitted,

Jason P. Walker (Bar #00795345)
Ryan M. Pelfrey (Bar #0099660)
Rolfes Henry Co., LPA

10

41 South High Street, Suite 2300
Columbus, Ohio 43215
T: (614) 469-7130
F: (614) 469-7146
E: jwalker@rolfeshenry.com
E: rpelfrey@rolfeshenry.com

***ATTORNEYS FOR DEFENDANT ALLSTATE VEHICLE
AND PROPERTY INSURANCE COMPANY***

## <u>CERTIFICATE OF SERVICE</u>

This is to confirm that a copy of the foregoing <u>Defendant Allstate Vehicle and Property</u>

<u>Insurance Company's Answer to Plaintiffs' Complaint</u> was served via electronic mail today, July

28, 2022 upon the following:

      Matthew S. Brown, Esq.
      Carlile Patchen & Murphy LLP
      950 Goodale Boulevard, Suite 200
      Columbus, Ohio 43212
      mbrown@cpmlaw.com

      Attorneys for Plaintiffs


                           _____
                           Jason P. Walker