# EXHIBIT A



Allstate Vehicle and Property Insurance Company
PO Box 660328
Dallax, TX 75266-9805
248-410-9299

June 29, 2022

Mr. Mark Messer
Mrs. Jennifer Messer
c/o  Matthew S. Brown, Esq.
Carlile, Patchen & Murphy LLP
950 Goodale Blvd., Suite 200
Columbus, OH 43211

| | |
|---|---|
| Claim Number: | 0637058124 |
| Policy Number: | 826041380 |
| Our Insured: | Mark Messer |
| Property: | 25 W. Orchard, Lebanon, OH |
| Date of Loss: | 08/14/2021 |

Dear Mr. and Mrs. Messer:

Allstate Vehicle and Property Insurance Company ("Allstate") is in receipt of the Complaint you filed in The Common Pleas Court for Warren County, Ohio. In light the decision to file the Complaint, Allstate assumes for all purposes you do not intend to produce the documents and information most recently requested in the letter from Allstate's counsel dated May 12, 2022. Accordingly, Allstate concluded its investigation of Claim No. 0637058124 ("the Claim") submitted under Policy No. 826041380 ("the Policy") for loss or damage resulting from the fire at 25 W. Orchard Avenue in Lebanon, Ohio on August 14, 2021. Allstate determined the Policy does not provide coverage for your Claim because (1) the intentional act exclusion operates to preclude coverage, (2) you misrepresented and/or concealed information material to Allstate's investigation, and (3) you breached your duty to cooperate.

The Policy contains the following relevant exclusion:
Section I—Your Property Dwelling Protection–Coverage A
Losses We Do Not Cover Under Coverages A and B:
D. Under Dwelling Protection–Coverage A and Other Structures Protection–Coverage B of this policy, we do not cover any loss consisting of or caused by one or more of the following excluded events, perils or conditions. Such loss is excluded regardless of

Public Information

whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces.
3. Intentional or criminal acts of or at the direction of any insured person, if the loss that occurs:
a) may be reasonably expected to result from such acts; or
b) is the intended result of such acts.
This exclusion applies regardless of whether the insured person is actually charged with, or convicted of, a crime.
The evidence Allstate obtained through its investigation indicates it is more likely than not the subject fire was caused by the intentional acts of or at the direction of an insured person and the resulting loss was the reasonably expected and/or intended result of such acts. In light of that determination, the above Policy provision operates to excludes coverage for your claim.
The Policy contains the following provision relevant to misrepresentation, fraud, or concealment:
Ohio Amendatory Endorsement. AVP103-3
B. The Misrepresentation, Fraud Or Concealment provision is replaced by the following:
Misrepresentation, Fraud Or Concealment
It is understood and agreed that the statements made by any named insured, or any applicant, in the application for insurance, during the application process, during the renewal process, or on the Policy Declarations, are warranties and are incorporated into, and shall form part of this policy.
This entire policy is void from its inception if any warranty made by any named insured, or any applicant, is found to be false.
We may not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.
The Policy provides that Allstate may not provide coverage for any insured who engages in misrepresentation, concealment, or fraud in connection with any loss for which coverage is sought. Through its investigation, Allstate determined it is more likely than not you misrepresented and/or concealed information related to, among other things:
• Details related to your whereabout and activities at and around the time of the fire;
• Phone calls and text messages with certain individuals on the date of loss;
• The insurable interest(s) in items of personal property identified in the contents inventory you submitted;
• Data on your cellular telephones.

Public Information

The Policy does not provide coverage for your Claim because of the above referenced instances of misrepresentation and concealment which substantially impaired and prejudiced Allstate's ability to complete its investigation.

Finally, the Policy contains the following language relevant to cooperation after a loss:
Section I Conditions
3. What You Must Do After A Loss
In the event of a loss to any property that may be covered by this policy, you must:
d) give us all accounting records, bills, invoices and other vouchers, or certified copies, which we may reasonably request to examine and permit us to make copies.
We have no duty to provide coverage under this section if you, an insured person, or a representative of either fail to comply with items a) through g) above, and this failure to comply is prejudicial to us.

The Policy required you to cooperate with Allstate's investigation by, among other things, producing documentation and information relevant to Allstate's investigation of your Claim. As part of its investigation, Allstate requested you produce your cell phones for digital imaging. Allstate also requested you produce, among other things:

▪ Correspondence between you and the City Lebanon;
▪ Records from K&S Cabinetry evidencing your insurable interest in the items of furniture identified in the contents inventory you produced;
▪ The names of individuals associated with specific phone numbers appearing in your cell phone records at times relevant to Allstate's investigation.

You refused to make your cell phones available for digital imaging and you did not produce responses to the above requests. Your failure and refusal to produce the requested documentation and information substantially prejudiced and impaired Allstate's ability to investigate your Claim and so constitutes a material breach of the Policy. This breach precludes coverage for your Claim.

Please understand Allstate does not intend this letter to detail each and every fact and/or policy provision supporting Allstate's coverage position. Additional facts and/or policy provisions may apply to further limit or preclude recovery. Allstate specifically reserves its right to rely on any and all relevant facts and/or policy provisions in support of its coverage position.

Allstate will be contacting the mortgagee identified on the Policy Declarations to determine whether it intends to pursue a separate claim under the Policy's mortgagee provisions. In the event coverage exists for the mortgagee's claim, the mortgagee would be entitled to recover up to the extent of its insurable interest, subject to the Policy's limits, terms, and conditions.

Public Information

It is important you understand Allstate is not waiving any of its rights under the Policy. Allstate specifically reserves its right to enforce and require compliance with all duties, obligations, terms, conditions, exclusions, and limits the Policy imposes on any person seeking any coverage under any policy form. Nothing in this letter, nor any decision, acts, or omission by Allstate or its authorized representatives constitutes, or may be construed as, a waiver of any Policy provision.

Sincerely,
*Lori Davis*

Lori Davis
Sr. Claim Service Consultant

Enclosures
cc:  Jason P. Walker, Esq.

Public Information