# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Mark Messer,** *et al.*, | : | |
| Plaintiffs, | : | Case No. 1:22-cv-00438 |
| vs. | : | Judge Timothy S. Black |
| **Allstate Vehicle and Property Insurance Company,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## PLAINTIFFS MARK MESSER'S AND JENNIFER MESSER'S MOTION FOR STATUS CONFERENCE TO DISCUSS THE CASE SCHEDULE AND OUTSTANDING DISCOVERY

Now comes Plaintiffs Mark Messer and Jennifer Messer, by and through counsel, and respectfully requests the Court schedule a Status Conference to discuss the Court's Case Schedule and certain discovery and other pre-trial matters. The reasons for this Motion are more fully set forth in the accompanying Memorandum in Support.

Respectfully submitted,

CARLILE PATCHEN & MURPHY LLP

*/s/ Matthew S. Brown*
Matthew S. Brown (0077687)
950 Goodale Boulevard, Suite 200
Columbus, Ohio 43212
Tele:   (614) 228-6135
Fax:    (614) 221-0216
Email:  mbrown@cpmlaw.com
*Attorney for Plaintiffs*
*Mark Messer and Jennifer Messer*

**MEMORANDUM IN SUPPORT**

Plaintiffs Mark Messer and Jennifer Messer are respectfully requesting a status conference to address the Court's Case Schedule and other discovery and pre-trial matters with the Court. While such a request might typically be made by way of an email to chambers, the history of the case is such that a Motion is necessary to detail the various delays associated with discovery and other matters.

Plaintiffs filed their lawsuit against Defendant Allstate Vehicle and Property Insurance Company ("Allstate") in state court on June 23, 2022. Allstate removed the lawsuit to federal court on July 28, 2022 and filed its Answer to the Complaint at that time. Since then, this case has been mired with delays and general lack of responsiveness from Allstate. An overarching chronology of relevant dates is as follows:

| DATE | ACTIVITY |
| --- | --- |
| June 23, 2022 | Complaint Filed in state court. |
| July 28, 2022 | Allstate removes lawsuit to federal court and files Answer. |
| August 18, 2022 | Plaintiffs send draft 26(f) report to Allstate. |
| October 11, 2022 | Plaintiffs send revised draft 26(f) report to Allstate. |
| October 12, 2022 | Court sets Initial Status Conference for November 8, 2022. |
| October 14, 2022 | Plaintiffs email Allstate requesting meet and confer call to discuss the draft 26(f) report. |
| November 7, 2022 | Court issues Show Cause Order for failure to file 26(f) report. |
| November 7, 2022 | Plaintiffs email Allstate regarding Show Cause Hearing. |
| November 8, 2022 | Plaintiffs received Allstate's proposed edits to 26(f) report. |
| November 14, 2022 | Plaintiffs revise the 26(f) report and Response to Show Cause Order and receives approval from Allstate for filing. |

| | |
|---|---|
| November 14, 2022 | Plaintiffs serve written discovery on Allstate. |
| December 6, 2022 | Initial Status Conference is held. Plaintiff notes that while Allstate denied the claim six (6) months earlier it had not paid off the mortgage. Allstate advises that when the Mortgage is paid, that will nearly exhaust structure policy limits leaving only contents and additional living expenses at issue. Thus, Allstate noted potential for early settlement discussions. The Court instructed Allstate to update the Court by December 13 on the status of the mortgage payoff. |
| December 13, 2022 | Allstate informs the Court on the status of the mortgage payoff. |
| December 20, 2022 | Allstate provides Plaintiffs with their initial disclosures. |
| January 9, 2023 | Plaintiffs provide Allstate with their initial disclosures and makes formal settlement demand. **Allstate has never responded to this settlement demand.** |
| January 9, 2023 | Status Conference with the Court is held. Allstate advises Mortgagee was paid. Allstate asks for Protective Order. Plaintiffs ask Allstate to send first draft of Protective Order for filing with the Court. |
| January 27, 2023 | Allstate provides responses to Plaintiffs discovery requests. |
| February 13, 2023 | Plaintiffs send six-page discovery deficiency letter to Allstate. Allstate does not respond. |
| March 6, 2023 | Plaintiffs ask for response to discovery deficiency letter prior to status conference. Allstate does not respond. |
| March 13, 2023 | Status Conference with the Court is held. Discovery deficiency is noted, and Allstate's counsel advises he may be substituted for new counsel. |
| March 15, 2023 | Having learned that Allstate only paid roughly 50% of the outstanding mortgage, Plaintiffs send correspondence demanding payment in full providing coverage analysis for same. **Allstate has never responded in writing to this demand.** |
| March 16, 2023 | Plaintiffs send two subpoenas to Allstate's cause and origin experts. |
| March 23, 2023 | Allstate files Motion to Substitute Counsel. |
| March 23, 2023 | Plaintiffs email Allstate's new counsel and sends its two letters sent to prior counsel (discovery deficiency and mortgage payoff demand) and the recently issues subpoenas to the experts. |
| March 24, 2023 | Plaintiffs send their January 9 settlement demand letter to new counsel. |

| | |
|---|---|
| March 28, 2023 | Status Conference with the Court is held. Plaintiffs' discovery issues with Allstate are noted, but also comments that new counsel will respond to same and Plaintiffs will await said response once counsel is up-to-speed. |
| April 11, 2023 | Allstate sends discovery to Plaintiffs. |
| April 13, 2023 | Plaintiffs note that they have not received a response to any of the three (3) correspondence (settlement demand, discovery deficiency, mortgage payoff demand) and the two (2) subpoenas (Allstate had said they would be responding for the experts). |
| April 27, 2023 | Plaintiffs re-send the April 13 correspondence as no response had been received. |
| May 9, 2023 | Plaintiffs request additional time to respond to discovery; Allstate consents to same but does not address its outstanding discovery issues; Plaintiffs ask again for an update. |
| May 23, 2023 | Allstate sends supplemental discovery documents and response to subpoenas; no response to the three (3) letters is provided by Allstate. |
| June 5, 2023 | Status Conference with the Court is held. Plaintiffs note they have received supplemental discovery documents from Allstate, and while they have not been able to review are hopeful it resolves all outstanding discovery issues. **The Court issues an Amended Case Schedule**. |
| June 5, 2023 | After the Status Conference concludes, Plaintiffs review the supplemental discovery response from Allstate and identify that it does not resolve any of the issues in Plaintiffs' February 13 deficiency letter. Plaintiffs send Second Deficiency Letter to Allstate. |
| June 7, 2023 | Plaintiffs identify deficiencies with Allstate's expert's response to the subpoenas and send Third Deficiency Letter to Allstate. |
| June 26, 2023 | Plaintiffs send Allstate an email noting it has received no response to the Second Deficiency Letter or the Third Deficiency Letter and needed to discuss same with the Court. |
| June 28, 2023 | Court schedules discovery conference for July 25, 2023. |
| July 3, 2023 | Plaintiffs again ask Allstate if it would like to discuss the discovery issues before the discovery conference to narrow the issues. |
| July 6, 2023 | Plaintiffs discuss discovery issues with Allstate and narrow the issues, but all are not eliminated. |

| | |
|---|---|
| July 6, 2023 | Allstate provides written response to the discovery issues for the first time since issues arose in February. |
| July 21, 2023 | Plaintiffs send correspondence to the Court identifying remaining discovery issues to address. |
| July 25, 2023 | **Discovery conference is held with the Court. As it pertains to Allstate's discovery deficiency, the Court Ordered:**<br><br>1) **Allstate will produce any attorney-client communications related to the issue of coverage that were created prior to 6/29/2022;**<br>2) **Allstate will provide a privilege log, including documents prior to 6/8/2022 that were withheld based on work product;**<br>3) **Allstate will produce the personnel files of persons involved in handling Plaintiff's claim, redacting any personal identifying information, subject to entry of a protective order;**<br>4) **Allstate will produce its claim handling guidelines, policies and procedures, or manuals, subject to entry of a protective order;**<br>5) **Plaintiffs may depose a corporate designee regarding Allstate's expectations of its claims adjusters limited in time from 1/1/2020.**<br><br>**Allstate has never complied with or even responded to the Court's Order.** |
| July 28, 2023 | Plaintiffs send Allstate a draft Protective Order. |
| August 2, 2023 | Having never received a response to its Settlement Demand or Mortgage Payoff Demand, Plaintiffs again asked Allstate if it wanted to discuss settlement. |
| August 15, 2023 | Having not received a response to the prior emails, Plaintiffs again ask about the Protective Order noting a need to get Allstate's responses to discovery and that the Case Schedule Needs modified again. |
| September 25, 2023 | Having received no response to the three (3) prior emails, Plaintiffs again ask for a response noting they needed to file a Motion to Continue the Case Schedule. (It is noted that Plaintiffs' delay between August 15, 2023 and September 25, 2023 was due to counsel being in an extended trial and requiring extensive "catch-up" time thereafter.) |

There are numerous matters pending that must be addressed.

- Plaintiffs presented a settlement demand to Allstate on January 9, 2023. Allstate has never responded.

- Allstate unilaterally declared that the mortgagee was not entitled to have its mortgage paid off following Allstate's denial of the claim. Plaintiffs have demanded payment in full and have never received a written response to its March 15, 2023 correspondence.

- Allstate has never responded to the Court's Order following the discovery conference on July 25, 2023.
    - Allstate has never responded to the draft Protective Order sent several times to counsel.
    - Allstate has not produced any documents following the discovery conference.
    - Allstate has not produced a privilege log following the discovery conference.
    - Allstate has not responded to a single email sent by counsel regarding the outstanding issues.

In addition to the above issues, the Court's Case Schedule must be modified. The current case schedule provides:

| | |
|---|---|
| Primary Expert Designation(s) and Reports: | August 15, 2023 |
| Rebuttal Expert Designation(s) and Reports: | September 29, 2023 |
| Discovery Deadline: | October 20, 2023 |
| Dispositive Motion Deadline: | December 8, 2023 |
| Final Pre-Trial: | April 8, 2024 at 11:00 AM |
| Jury Trial: | April 22, 2024 at 9:00 AM |

Plaintiffs do not wish to extend the trial date. Plaintiffs are entitled to complete discovery, however. Without Allstate's responses to discovery, depositions cannot be scheduled. Moreover, experts for bad faith claims handling cannot prepare their reports until fact discovery is completed. That being said, Allstate's cause and origin expert(s) has/have completed their investigations and have not provided their expert reports. As such, Plaintiffs will request that such experts be excluded from testifying at trial. Plaintiffs request only that the expert witness disclosure deadlines be extended for Plaintiffs' claim against Allstate for Breach of the Duty of Good Faith Claims Handling.

Plaintiffs' house burned down on August 14, 2021 – two (2) years ago. Allstate's investigation does not reveal the fire was caused by any incendiary device. There were no accelerants. Allstate appears to have stopped investigating the only known potential cause of the fire (an air scrubber) when Plaintiffs retained counsel. Allstate denied the claim in June, 2022. It refused to pay the mortgagee – as it is contractually obligated to do – until January, 2023. Even then it only paid approximately 50% of the mortgage balance – directly contradicting what counsel informed the Court would happen (the mortgage would be paid thereby exhausting the policy limit for the dwelling). Plaintiffs were confined to an apartment with their children, no longer being paid for by Allstate, owned a burned down house, still owed 50% of the mortgage on the house, and was in breach of the loan agreement because the collateral backing the mortgage had been destroyed (when Allstate wrongly decided to only pay a portion of the loan). Now, Allstate has been dragging its feet in discovery. It will not respond to communications. It will not agree to the Court's standard Protective Order. It will not respond to the Court's Order to produce additional documents. Allstate simply does not care about the Plaintiffs, the mortgagee, or this case.

For the foregoing reasons, Plaintiffs Mark Messer and Jennifer Messer respectfully request that the Court set a status conference to discuss these issues and the case scheduling order.

                                          Respectfully submitted,

                                          CARLILE PATCHEN & MURPHY LLP

                                          */s/ Matthew S. Brown*
                                          Matthew S. Brown (0077687)
                                          950 Goodale Boulevard, Suite 200
                                          Columbus, Ohio 43212
                                          Tele:  (614) 228-6135
                                          Fax:   (614) 221-0216
                                          Email:  mbrown@cpmlaw.com
                                          *Attorney for Plaintiffs*
                                          *Mark Messer and Jennifer Messer*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served upon the following via email on this 3rd day of October, 2023:

David W. Orlandini
COLLINS, ROCHE, UTLEY & GARNER, LLC.
655 Metro Place South, Suite 200
Dublin, Ohio 43017
Email: dorlandini@cruglaw.com
*Attorneys for Defendant*
*Allstate Vehicle and Property Ins. Co.*

                                          */s/ Matthew S. Brown*
                                          Matthew S. Brown     (0077687)