**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **MARK MESSER, et al.,** | : | |
| | : | CASE NO. 1:22-cv-438 |
| Plaintiffs, | : | |
| | : | JUDGE TIMOTHY S. BLACK |
| **vs.** | : | |
| | : | |
| **ALLSTATE VEHICLE AND PROPERTY** | : | |
| **INS. CO.,** | : | |
| | : | |
| Defendant. | | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INS. CO.
RESPONSE TO PLAINTIFFS' MOTION FOR STATUS CONFERENCE**

Defendant Allstate Vehicle And Property Ins. Co. ("Allstate").

**I.      RESPONSE TO PLAINTIFFS' SETTLEMENT DEMAND.**

Allstate has not responded to Plaintiffs' settlement demand issued on January 9, 2023.  The circumstances of this case have not changed since this lawsuit was filed.  Allstate still has not received the documentation it requested before the suit was filed; thus, it is not in a position to respond to the Plaintiffs' demand.  Specifically, Allstate has not received:

- Cell phone data from Mr. and Mrs. Messer's cell phones.

- Correct Proof of Loss.

- Documentation that Plaintiffs repaired, rebuilt, or replaced their home within 180 days of the actual cash value payment.

Before this suit was filed, Allstate made the following payments to or for the benefit of the Plaintiffs:

- $5,000 advance to Plaintiffs a few days after the fire.

- $4,600 to the Plaintiffs' parents for rent while the Plaintiffs lived there immediately after the fire.

- $27,466.08 for temporary housing and living expenses.  The Plaintiffs voluntarily terminated this housing being paid for by Allstate because they moved into a friend's home.

- $120,144.20 to 1st National Bank, the mortgage company for the Plaintiffs' home (The payment details will be discussed below).

The Plaintiffs did provide a Proof of Loss for their personal belongings during the claims process.  However, during the Examination Under Oath of Mr. Messer, he admitted that the Plaintiffs did not own a number of items included in their Proof of Loss.  Thus, Allstate asked for a corrected Proof of Loss, removing the items not owned by the Plaintiffs.  This has not been received.

The Plaintiffs' settlement demand is simply a request for the full policy limits available under the policy without proper supporting documentation.  For example, the Plaintiffs include in their demand $115,753 for additional living expenses.  However, Allstate has paid all the additional living expenses receipts and requests submitted.  Allstate cannot reasonably be expected to respond to a demand simply asking for the full policy limits under all available coverages without the proper supporting documentation.

## II.  ALLSTATE'S PAYMENT TOWARD MORTGAGE.

Under the Plaintiffs' policy, they have coverage for their house and "Other Structures" up to $303,851.  The policy sets forth a specific procedure for payment of a loss to such property.  Allstate will pay the actual cash value minus the depreciation of the structures.  If there is a mortgage on the property, that payment will be made to the mortgage holder up to the amount of

their lien.  In this case, the balance owed on the mortgage as of December 2022 was $257,512.60.

Allstate determined the actual cash value of the structures after adjusting for depreciation to be $120,144.20.  Since the amount was less than the payoff of the mortgage, this entire amount was paid to the mortgagee (1st National Bank) on January 9, 2023.

The policy also provides that Allstate will make additional payments to the Plaintiffs to reimburse them for the costs they incur in excess of the actual value if they repair, rebuild, or replace their damaged home/other structures within 180 days of the actual cash value payment. Allstate has not yet received any information or documentation that the Plaintiffs paid any amount to repair, rebuild, or replace their home within 180 days of January 9, 2023.

## III.    COMPLIANCE WITH THE COURT'S JULY 25, 2023 ORDER

On July 25, 2023, counsel met with the Court to address several discovery issues. Following that conference, the Court issued a Minute Entry and Notation Order.  In this Order, the Court Ordered that:

(i)     Allstate produce any attorney-client communications related to the issues of coverage that were created prior to 6/29/22;

(ii)    Allstate will provide a privilege log for items withheld based on work product.

(iii)   Allstate will produce the personnel files of persons involved in the handling of Plaintiffs' claim subject to entry of a protective order;

(iv)    Allstate will produce its claims handling guidelines, policies and procedures or manuals subject to entry of a protective order.

On October 19, 2023, Allstate provided the Plaintiffs' counsel with the attorney-client communications created prior to 6/29/22 and the privilege log for items withheld due to work-product.

The Parties have submitted to the Court a proposed Protective Order.  Once a Protective Order has been entered into, Allstate will produce the claims handling documents.  Counsel for Allstate has requested the personnel files and should be able to produce those shortly after entry of the protective order.

## IV.    REQUEST FOR MODIFIED CASE SCHEDULE.

Allstate would consent and agree to modify the Case Schedule as suggested by Plaintiffs' counsel.

Respectfully submitted,

*/s/ David W. Orlandini*
**DAVID W. ORLANDINI**    (0064850)
dorlandini@cruglaw.com
**COLLINS, ROCHE, UTLEY & GARNER, LLC.**
655 Metro Place South, Suite 200
Dublin, Ohio 43017
(614) 901-9600 / Fax: (614) 901-27230

*/s/ Gregory H. Collins by s/ David W. Orlandini per email authority*
**GREGORY H. COLLINS (0040230)**
gcollins@cruglaw.com
**COLLINS, ROCHE, UTLEY & GARNER, LLC**
520 S. Main Street, Suite 2551
Akron, Ohio 44311
(234) 231-1630 Direct; (330) 618-6199 Cell
(330) 247-2200 Main; (330) 247-2205 Fax

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on October 20, 2023, a copy of the foregoing **Response to Plaintiffs' Motion for Status Conference** was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ David W. Orlandini*
**DAVID W. ORLANDINI     (0064850)**